# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 1800 Massachusetts Ave, Suite 301 Washington, D.C. 20036, <br><br> and <br><br> STEPHEN ABRECHT, RODERICK S. BASHIR, DAVID HUERTA, EMANUEL PASTREICH, APRIL VERRETT, EDWARD J. MANKO, CHRISTOPHER B. BOUVIER, INGA CRAREY, THOMAS LAMARTINA, JOHN J. SHERIDAN, KEVING MCGARR, AND FRANK A. MAXSON, TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 1800 Massachusetts Ave, Suite 301 Washington, D.C. 20036, <br><br>             Plaintiffs, <br> v. <br><br> NEW IMAGE BUILDING SERVICES, INC. 1405 Combermere Drive Troy, MI 48083 <br><br>             Defendant. | Case No: 1:19-cv-1975 |

## COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ATTORNEY'S FEES AND COSTS

### Introduction, Jurisdiction and Venue

1.     This is a civil action brought by an employee benefit plan, and by the Trustees of

an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1),

(g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended

("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, and Pension Protection Act supplemental contributions owed by the Defendant.

2.      Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.      Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4.      Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## Parties

5.      Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6.      Plaintiff Trustees of the SEIU Pension Fund, Stephen Abrecht, Roderick S. Bashir, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson, April Verrett, David Huerta, Inga Crarey, Kevin McGarr and Emanuel Pastreich are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7.      Defendant New Image Building Services, Inc. ("New Image") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8.      Upon information and belief, Defendant New Image is a corporation incorporated in the state of Michigan, with a mailing address of 1405 Combermere Drive, Troy, MI 48083.

## Factual Background

9.      At all relevant times, Service Employees International Union Local 1 ("the Union") has been the exclusive bargaining representative for all classifications of building custodial employees, excluding guards and supervisors, employed by Defendant.

10.     The Defendant was party to the Greater Detroit Metropolitan Area Cleaning Contract ("CBA" or "Agreement") with the Union for its employees effective for the period of August 1, 2012 through July 31, 2015. A true, correct and complete copy of the 2012 CBA is attached as Plaintiffs' Exhibit 1.

3

11.     The Defendant was a party to a successor agreement with the Union effective for the period of August 1, 2015 through July 31, 2018. A true, correct and complete copy of the 2015 CBA is attached as Plaintiffs' Exhibit 2.

12.     The Defendant then entered into another successor agreement with the Union effective for the period of August 1, 2018 through July 31, 2022. A true, correct and complete copy of the 2018 CBA is attached as Plaintiffs' Exhibit 3.

13.     Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreements. Here, the Collective Bargaining Agreements state that the Defendant is obligated to remit contributions to the SEIU Pension Fund at the rate of $0.56 per hour worked for its covered non-probationary employees. Exs. 1, 2 & 3, Art. XX, Sec. 3. Pursuant to Addendum 2 of the CBAs, the Defendant is obligated to contribute to the Fund at a rate of $0.72 per hour worked for grandfathered employees as defined in the CBA. Exs. 1, 2, & 3, Add. 2, Art. V.

14.     Pursuant to the Collective Bargaining Agreements and by submitting reports and contributions, Defendant agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"). Exs. 1, 2, & 3, Art. XX, Sec. 2. Each CBA states, "Said pension plan was established August 1, 1967. Said pension plan as set forth herein is more fully set forth in an Indenture of Trust Agreement between the parties hereto. The Employer agrees to pay over irrevocably to the Pension Fund the payments set forth herein." Exs. 1, 2, & 3, Art. XX, Sec. 2.

15.     A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit 4. Pursuant to Section 5.1(22) of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 4 at Section 5.1(22). Accordingly, Defendant is obligated to remit contributions to the SEIU Pension Fund in accordance with the collection policies and procedures adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiffs' Exhibit 5.

16.     At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Ex. 4, Sec. 3.1.

17.     Section 2 of the Collection Policy states that "[i]f the Fund Office has not received complete and correct remittance report(s) necessary to determine the amounts owed by the Employer, the Fund Office shall estimate the contributions due based on the most recent remittance report submitted to the Fund, payroll information, or other basis as reasonably determined by the Fund, and the Employer shall be deemed delinquent in its contributions in that amount on a monthly basis, as a minimum, in any subsequent legal action." Ex. 4, Sec. 2.

18.     Section 3.2 of the Trust Agreement and Section 2 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum,

liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 4, Sec. 3.2; Ex. 5, Sec. 2.

19.     Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1085 et seq. ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, January 1, 2017, January 1, 2018, and January 1, 2019. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016, April 28, 2017, April 28, 2018, and April 28, 2019. Copies of these letters are attached as Plaintiffs' Exhibit 6.

20.     For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a Collective Bargaining Agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit

7.

21.     Here, the Defendant chose to remit supplemental contributions pursuant to the Preferred Schedule of the Fund's Rehabilitation Act. Exs. 1, 2, & 3, Art. XX, Sec. 4. Pursuant to the Preferred Schedule, Defendant was obligated to remit supplemental contributions at the rate of 48.3% of the base contributions due beginning July 1, 2014. This rate increased to 59.8% as of July 1, 2015, 72.1% as of July 1, 2016, 85.5% as of July 1, 2017, and 99.9% as of July 1, 2018.

22.     During the period of January 2015 through March 2019, Defendant has failed to remit certain contractually required reports and contributions and has failed to pay certain interest charges, liquidated damages, and supplemental contributions due under the PPA to the SEIU Pension Fund.

## COUNT I – Reports Owed

23.     Plaintiffs reallege and incorporate Paragraphs 1 thorough 22.

24.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

25.     Defendant is obligated, under the terms of the Collective Bargaining Agreements, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees.

26.     Defendant has failed to submit remittance reports and contributions for the months of January through March 2019 for Site 2811.

27.     In accordance with the Fund's Collections Policy, the Fund estimated the contributions owed for the period of January through March 2019 based on the hours reported for

December 2018 to be $3,489.89, plus interest totaling $64.06 and liquidated damages totaling $697.98.

28.     Defendant is obligated to remit the outstanding remittance reports and pay, at a minimum, the amount of the estimated contributions, interest, and liquidated damages. If after the outstanding reports are provided, Defendant owes amounts in excess of the estimated amounts due, Defendant is obligated to remit such excess contributions, interest, and liquidated damages.

29.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

30.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding remittance reports and contributions from the Defendant for these months. Defendant continues to refuse to provide the missing reports or make payments on the resulting amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

31.     Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

## Count II – Delinquencies

32.     Plaintiff's reallege and incorporate paragraphs 1 through 31.

33.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

34.     Defendant is obligated, under the terms of the CBAs, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees and interest and liquidated damages are charged upon unpaid or late paid contributions. The Defendant has failed to remit certain contributions and resulting interest and liquidated damages for its sites for various months during the period of January 2015 through December 2018**.**

35.     For Site 2276 (regular contract employees), for the period of January 2015 through November 2016, Defendant owes the SEIU Pension Fund $18,384.52 in unpaid contributions, $5,954.06 in interest (calculated through June 30, 2019), and $5,954.06 in liquidated damages.

36.     For Site 2811 (grandfathered employees), for the period of January 2015 through December 2018, Defendant owes the SEIU Pension Fund $58.007.67 in unpaid contributions, $20,020.37 in interest (calculated through June 30, 2019), and $23,574.28 in liquidated damages.

37.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

38.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the amounts owed from the Defendant. Defendant continues to refuse to make payment on the amounts due. There is little prospect that,

lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

39.     Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1.     Declare that Defendant is delinquent in remitting owed contributions, interest, liquidated damages, and PPA supplemental contributions to the SEIU Pension Fund pursuant to the Collective Bargaining Agreement;

2.     Declare that Defendant is delinquent in submitting remittance reports for the periods described herein and Order Defendant to pay the corresponding outstanding contributions, interest, liquidated damages, and PPA supplemental contributions for these delinquent months;

3.     Enter judgment in the amount $136,183.24 for unpaid contributions, interest, liquidated damages, and PPA supplemental contributions for the period of January 2015 through March 2019;

4.     Enter a permanent injunction against Defendants requiring them to remit their reports and full payment of contributions, including supplemental contributions, to the Pension Fund in a timely manner;

5.      Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and Section 502(g) of ERISA;

6.      Retain jurisdiction of this case pending compliance with its Orders; and,

7.      Grant such relief as the Court may deem appropriate.


Respectfully submitted,


_____/s/ Olga M. Thall_____
Olga M. Thall
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 Facsimile
omthall@mooneygreen.com
Counsel for the Plaintiffs

Dated: July 2, 2019

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 2nd day of July, 2019, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

_____/s/ Olga M. Thall_____
Olga M. Thall